IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VLADIMIR AGUEREO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:25-cv-971 |
| | ) | |
| ADVANCE STORES | ) | JURY DEMANDED |
| COMPANY INC. d/b/a | ) | |
| ADVANCE AUTO PARTS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Vladimir Aguereo (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Advance Stores Company Inc a-d/b/a Advance Auto Parts (hereinafter "Defendant.") Plaintiff seeks redress for discrimination suffered in Plaintiff's capacity as an employee of Defendant. Plaintiff has been discriminated against by Defendant because of Plaintiff's Race and subjected to retaliation - all in violation of Title VII of the Civil Rights Act of 1964, as amended and any other causes of action that can be inferred from the facts set forth herein. In support of his Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1

1. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), because the claim arises under the laws of the Unites States.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Barbour County, Alabama, which lies within the Northern Division of the United States District Court for the Middle District of Alabama.

## PARTIES

3. Plaintiff is a resident of Barbour County, Alabama, and is over the age of nineteen (19) years.

4. Plaintiff, for all times relevant to this action, was an "employee" of Defendant.

5. Defendant is a foreign corporation doing business in the State of Alabama. Its registered agent is Corporation Service Company Inc and can be served at 641 South Lawrence Street, Montgomery, Al 36104.

6. Defendant employs over fifteen (15) employees and is subject to Title VII of the Civil Rights Act of 1964, as amended.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

7. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about September 21, 2023, Plaintiff filed a Charge of Discrimination in

employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8. On September 10, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "<u>Exhibit A</u>".

## FACTS

9. On or about 2010, Plaintiff began working for Defendant until approximately March 2020 – During this tenure Plaintiff was employed as the store manager for Store #5947 in Eufaula, Alabama from 2015 until 2017.

10. In or around March 2022, Plaintiff resumed his employment for Defendant as the Assistant General Manager of Store #5947.

11. At the time Plaintiff resumed his employment, he made Defendant aware that he was interested in resuming his position as General Manager if the opportunity presented itself.

12. Following his employment, Plaintiff, a single father, notified and received permission from his General Manager to have a grace period regarding his scheduled clock in and/or clock out due to obligation regarding his children such as taking them to school or doctor's appointments.

13. At all times relevant to this action, Defendant would allow employees flexibility in clock in/clock out times and days off.

14. In or around April 2022, Plaintiff began training as a General Manager in Training for Store #5947.

15. In or around October 2022, the General Manager for Store #5947, Tony McNeil (Caucasian), resigned from his position causing a vacancy.

16. Following Tony McNeil's resignation, Plaintiff again expressed interest and applied for the General Manager position.

17. In or around November 22, 2022, Defendant transferred Karen Maxwell ("Maxwell") (Caucasian) from Store #9198 in Dundee, Florida to Store #5947 to become the Store #5947's General Manager.

18. At no point in time prior to November 22, 2022, did Maxwell work in Store #5947.

19. After Maxwell began her tenure as the General Manager, Maxwell began to target Plaintiff on the basis of his race.

20. During Maxwell's tenure as General Manager, Plaintiff would request and receive permission from Maxwell regarding his clock in/clock out time or an absence; however, when Plaintiff would utilized the previously granted permission, Maxwell would act as if permission was never granted and discipline Plaintiff.

21. In contrast to Maxwell's treatment of Plaintiff, Maxwell would routinely allow other employees outside of Plaintiff's protected class to adjust their

clock in/clock out times, request absences, or clock out to perform personal errands without subjecting them to disciplinary procedures.

22. On or about December 14, 2022, Plaintiff complained to his district manager regarding Maxwell's conduct.

23. On or about January 20, 2023, Plaintiff submitted a complaint to Defendant's Human Resources ("HR") Department regarding his treatment by Maxwell, complaint about being racially discriminated against, and complaint that less qualified Caucasian employees are being promoted over Hispanic employees.

24. On or about February 10, 2023, Plaintiff requested and received permission from Maxwell to come into the office late because he had to take his children to school.

25. On or about February 10, 2023, Maxwell, without Plaintiff's knowledge and despite previously providing Plaintiff permission, issued Plaintiff a disciplinary write up in Defendant's system for violation of attendance policy.

26. On or about February 17, 2023, Plaintiff submitted a second complaint to his District Manager regarding him being targeted by the attendance policy, and Maxwell changing his schedule from a previously agreed schedule.

27. On or about March 22, 2023, Maxwell, without Plaintiff's knowledge, gave Plaintiff a second disciplinary warning for violating the attendance policy.

28. Plaintiff is unaware of any violation of the attendance policy to warrant his March 22, 2023 write up.

29. On or about March 23, 2023, Maxwell, without Plaintiff's knowledge gave Plaintiff a third disciplinary write-up for violation of the attendance policy.

30. Following the March 23, 2023 write up, Maxwell forced Plaintiff's co-employees to write a statement regarding Plaintiff and his absences, and upon information and belief, dictated to Plaintiff's co-employees were to write in their statement.

31. On or about April 7, 2023, Defendant, through Maxwell, terminated Plaintiff's employment.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.
### (HOSTILE WORK ENVIRONMENT)

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31 above as if fully set out herein.

33. Plaintiff is Hispanic and a member of a protected class.

34. The conduct herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as Defendant created, condoned, and fostered a hostile work environment to the detriment of Plaintiff, to which male employees were not subjected.

35. Following Maxwell's transfer to become the General Manager of Store #5947, Maxwell began to harass Plaintiff on the basis of his race by purposefully engaging in harassing conduct towards Plaintiff that she did not engage in with members outside of Plaintiff's protected class.

36. On or about December 14, 2022, January 20, 2023, and February 17, 2023 Plaintiff reported Maxwell's conduct to Defendant.

37. Despite Plaintiff's report, Defendant failed/refused to take any action to cease or remedy the harassing behavior.

38. On April 7, 2023, Defendant terminated Defendant's employment.

39. Because of Maxwell's harassment, Plaintiff's essential job function and terms of his employment were altered, and Plaintiff was subjected to embarrassing and humiliating treatment.

40. Defendant, through Maxwell as an employee and Plaintiff's supervisor, created a hostile work environment based on Plaintiff's race that was severe and pervasive enough to alter the terms of his employment.

41. This conduct occurred routinely until Plaintiff's termination.

42. Defendant's discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

7

43. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's unlawful discrimination.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E. Award punitive damages to be determined by a jury at trial; and,

F. Grant such further relief as the Court deems necessary and proper.

## COUNT II:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.
### (DISPARATE TREATMENT)

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 –31.

45. Plaintiff is a Hispanic and member of a protected class.

46. During the course of his employment, Defendant subjected Plaintiff to treatment that non-Hispanic employee were not subjected to, including but not limited to having difference attendance requirements and/or standards, different treatment regarding requesting time off work, and promotion and/or career growth opportunities.

47. Defendant failed/refused to promote Plaintiff to the General Manager position.

48. At the time Plaintiff requested the promotion, he was eligible and qualified to perform the job duties.

49. Despite being eligible and qualified, Defendant hired another, less qualified, individual outside of Plaintiff's class to the General Manager position.

50. Defendant's decision to reject Plaintiff's application for promotion was based on his race.

51. Furthermore, Plaintiff was subjected to attendance policies and standards that members outside of his protected class were subjected to.

52. Defendant, through Maxwell, would allow Caucasian employees to be tardy, absent, and/or adjust their work schedules without being subjected to disciplinary policy; however, when Plaintiff would request scheduling changes from Maxwell, Maxwell would verbally grant the request then discipline Plaintiff as if he had not been granted permission.

53. As a result of this difference in treatment, Plaintiff was subjected to adverse employment actions such as disciplinary write-ups and his termination.

54. Plaintiff reported the discriminatory conduct to Defendant; however, Defendant failed and/or refused to take any corrective action to prevent the discrimination.

55. Defendant, through its failure/refusal to take prompt and necessary corrective action, ratified Maxwell's discriminatory treatment of Plaintiff.

56. Defendant's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., because Defendant engaged in the practice of a discrimination against Plaintiff on the basis of her race by treating them less favorable than similarly situated Caucasian employees by proving Plaintiff disciplinary write-ups for similar conduct taken by Caucasian employees, resulting in Plaintiff's failure to promote.

57. Defendant's discriminatory actions against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional,

and done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

58. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

## COUNT III:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.
### (Retaliation)

59. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31 as if full set forth herein.

60. On or around January 20, 2023, Plaintiff engaged in a protected activity by submitting a complaint to Defendant's Human Resources regarding racial discrimination he was being subjected to during his employment, including but not limited to, being passed over for a promotion due to his race, being subjected to different rules than non-Hispanic employees, and being subjected to harassment by his General Manager, Maxwell.

61. Despite Plaintiff's report, Defendant failed and/or refused to take any action to cease or prevent the harassment and retaliation.

62. Following the report, Plaintiff suffered adverse employment actions, including but not limited to, an increase in hostility by Maxwell, being

11

subjected to disciplinary actions than non-Hispanic employees were not, and ultimately termination.

63. Plaintiff's disciplinary actions and termination was a direct retaliation for Plaintiff reporting Defendant and Maxwell for racial discrimination.

64. Plaintiff was not subjected to any official disciplinary action (which ultimately resulted in his termination) until after he submitted his complaint for racial discrimination: giving a causal connection between the adverse employment action/events and Plaintiff's opposing an unlawful employment practice.

65. Defendants intentionally discriminated against Plaintiff by retaliating against his for opposing an unlawful employment practice.

66. Defendant's retaliatory action against Plaintiff is in violation of Plaintiff's rights as guaranteed under the laws of the United States.

67. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's unlawful retaliation.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B.  Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.  Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E.  Award punitive damages to be determined by a jury at trial; and,

F.  Grant such further relief as the Court deems necessary and proper

## COUNT IV:
## VIOLATION OF 42 U.S.C. § 1981

68. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-31 as if fully set forth herein.

69. During the course of his employment, Plaintiff was subjected to discriminatory treatment on the basis of his race (Hispanic) by Defendant

through the disparate treatment between him and similarly-situated co-employee outside of his protected class, denial of promotion that he was duly qualified for, and being subjected to harassment and conduct that co-employees outside of his protected class were not.

70. Plaintiff complained about the discriminatory conduct to Defendant and requested that Defendant take prompt and necessary action to prevent future discrimination; however, despite being given notice, Defendant failed/refused to take prompt and necessary remedial measures, and instead affirmed, condoned, and continued the discriminatory conduct.

71. On or about April 7, 2023, Defendant took a materially adverse action against Plaintiff by terminating his employment, which was motivated by Plaintiff's race and in retaliation for Plaintiff's protected complaints, in violation of federal law.

72. Defendant's discriminatory conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

73. Defendant's conduct violated 42 U.S.C. § 1981 because Defendant engaged in the practice of a discrimination against Plaintiff on the basis of his race by treating them less favorable than similarly situated Caucasian employees by proving Plaintiff disciplinary write-ups for similar conduct taken by

Caucasian employees, resulting in Plaintiff's failure to promote and ultimately his termination.

74. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E.   Award punitive damages to be determined by a jury at trial; and,

F.   Grant such further relief as the Court deems necessary and proper

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

*/s/ Jon-Kaden Mullen*
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

**Please Serve Defendants By Certified Mail As Follows:**

**ADVANCE STORES COMPANY, INCORPORATED**
**c/o CORPORATION SERVICE COMPANT INC**
**641 SOUTH LAWRENCE STREET**
**MONTGOMERY, AL 36104**

*/s/ Jon-Kaden Mullen*
OF COUNSEL

16